## 4581.   YOUNG *v.* THE STATE.

HILL, C. J.   No error of law is complained of and the evidence fully warrants the verdict.          *Judgment affirmed.*

DECIDED FEBRUARY 18, 1913.

Indictment for misdemeanor; from Effingham superior court—Judge Sheppard.   November 23, 1912.

*J. H. Smith,* for plaintiff in error.

*N. J. Norman,* solicitor-general, contra.

---

## 4590.   STARR *v.* THE STATE.

POTTLE, J.   The conviction of the accused of selling intoxicating liquor is abundantly supported upon the application of the familiar principle that where it is shown that one furnished to another intoxicating liquor, and received therefor money or other thing of value, he is presumed to be the seller; and the burden is upon him to show that he was not the actual seller of the liquor, but was acting solely as agent for the buyer. *Cheatwood* v. *Buchanan,* 9 *Ga. App.* 828 (72 S. E. 284). Unless the jury accept the explanation, this burden is not carried by the mere claim of the accused, in his statement on his trial, that he was acting as agent for the purchaser, and in fact bought the whisky from a person whom he named.          *Judgment affirmed.*

DECIDED FEBRUARY 18, 1913.

Indictment for sale of liquor; from Henry superior court—Judge R. T. Daniel.   November 30, 1912.

*Brown & Brown,* for plaintiff in error.

*E. M. Owen,* solicitor-general, *J. W. Wise,* contra.